# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

RACHEL KELTY,

               Plaintiff,

v.

JOHN M. PATTERSON, MICHAEL
BEDNAREK, and SARAH COOPER,

               Defendants.

Case No. 18-CV-762-JPS

**ORDER**

## 1.      INTRODUCTION

Plaintiff alleges that in 2005, while imprisoned at Taycheedah Correctional Institution ("Taycheedah"), she was repeatedly sexually assaulted by Defendant John M. Patterson ("Patterson"), a prison guard. (Docket #14 at 4–8). Patterson has not responded to Plaintiff's complaint and is in default. Plaintiff maintains that Defendant Michael Bednarek ("Bednarek"), another guard, harassed her about the assaults after the fact. *Id.* at 9–11. Defendant Sarah Cooper ("Cooper"), Taycheedah's warden at the time, allegedly knew about problems with male correctional staff assaulting and harassing the female inmates, but did nothing about it (Cooper and Bednarek hereinafter collectively referred to as "Defendants"). *Id.* at 11–13.

Bednarek and Cooper moved to dismiss this action on June 20, 2018. (Docket #8). In response, Plaintiff filed both an amended complaint and a brief in opposition on July 20, 2018. (Docket #14 and #15). Each was filed out of time; a plaintiff may amend once as of right within twenty-one days of the filing of a motion to dismiss, Fed. R. Civ. P. 15(a)(1)(B), and responses

to motions must also be filed within twenty-one days, Civ. L. R. 7(b). As discussed below, Defendants did not take issue with either of these procedural foibles in their reply, so the Court will excuse them.[1] (Docket #18 and #19). For the reasons explained below, Defendants' motion must be denied.

## 2.    STANDARD OF REVIEW

Defendants have moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). This Rule provides for dismissal of complaints which fail to state a viable claim for relief. Fed. R. Civ. P. 12(b)(6). In reviewing Plaintiff's complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in [her] favor[.]" *Kubiak v. City of Chi.*, 810 F.3d 476, 480–81 (7th Cir. 2016) (citation omitted).

To state a viable claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level[.]" *Kubiak*, 810 F.3d at 480 (quotation omitted). Ultimately, dismissal is only appropriate "if it appears beyond doubt that the plaintiff could prove no set of facts in support of [her] claim that would entitle [her] to the relief requested." *Enger v. Chi. Carriage Cab Corp.*, 812 F.3d 565, 568 (7th Cir. 2016).

---

[1]The Court nevertheless directs Plaintiff's counsel to carefully review the federal and local rules of procedure to avoid such errors in the future.

### 3. RELEVANT FACTS

Accepting the truth of Plaintiff's well-pleaded allegations and drawing all reasonable inferences in her favor, the relevant facts are as follows. Plaintiff was incarcerated at Taycheedah beginning in 2001. She met Patterson there in 2004. He immediately began grooming her for his sexual desires by engaging her in an amicable, playful relationship and bestowing favors upon her. During the summer of 2005, Patterson sprung his trap, forcing Plaintiff into various sex acts against her will numerous times. Plaintiff alleges that Patterson's conduct made her feel fearful, angry, disgusted, and humiliated. She also felt powerless because she did not think that anyone would believe her if she reported the assaults. Fortunately, local police soon began investigating Patterson and he was charged with sexual assault in the fall of 2005. He pleaded no contest to the crimes in April 2006.

More than a decade later, in December 2017, Plaintiff was working in the kitchen at Taycheedah. She asked Bednarek, who was also on kitchen duty, about a conduct report she received. They argued for a bit, then Bednarek mentioned that he heard from another guard that Plaintiff was known to "fuck" guards. Bednarek asked if she still did so, which Plaintiff vehemently denied. Later, Bednarek moved out of Plaintiff's way as she walked by the officers' station, stating that he knew "what you do to officers." Plaintiff subsequently asked Bednarek who had told him about her having sex with staff. He responded that he knew the comment would upset her, but he refused to divulge his source other than to say that it was a supervising officer who had only been at Taycheedah for the past five years. Bednarek's comments about the Patterson assaults were clearly intended to, and in fact did, cause Plaintiff severe distress. Plaintiff alleges

that Bednarek also knew that she suffered post-traumatic stress disorder from Patterson's assaults. The implication is that he wanted to trigger that condition.

Finally, as to Cooper, Plaintiff relates numerous incidents of sexual harassment or assault by male guards at Taycheedah from 2003 to 2016. Indeed, during the fall 2005 Patterson investigation, inmates reported that it was widely known that Patterson would routinely demand that inmates in his unit expose themselves. Plaintiff alleges that Patterson offered gifts or favors to have sex with inmates or watch them in sexual situations. She further alleges that Bednarek also engaged in inappropriate behavior by discussing sexual topics and exposing his torso to the prisoners. In sum, Plaintiff maintains that Cooper was deliberately indifferent to the pervasive and well-documented problem of sexual harassment and assault of Taycheedah's inmates. Plaintiff specifically alleges that Cooper knew of and disregarded Bednarek's proclivity for sexual harassment.

Before turning to its legal analysis, the Court must take a detour into matters of procedure. Defendants moved to dismiss Plaintiff's original complaint. (Docket #8). As noted above, in responding to the motion, Plaintiff offered an amended complaint. (Docket #14). She did not ask for leave to do so, even though her time to amend as of right had elapsed. Fed. R. Civ. P. 15(a)(1)(B). Nevertheless, Defendants did not object to the filing of the amended complaint in their reply. (Docket #18). This was to be expected, as the amended complaint eliminates allegations against a defendant whom their counsel would have otherwise be obligated to defend. *See* (Docket #15 at 2). The allegations against the remaining Defendants are unchanged. *Compare* (Docket #1) *with* (Docket #14). The

Court will, therefore, belatedly grant Plaintiff leave to amend her complaint.

In a similar vein, a motion to dismiss is typically rendered moot by the filing of an amended complaint. Plaintiff's brief responding to the motion to dismiss makes no attempt to assert this technicality, however. (Docket #15). Along with their reply, Defendants filed an amended motion to dismiss, directing it at the amended complaint, and relying on the existing briefing. (Docket #19). The Court will thus treat the amended motion to dismiss as the operative motion, and the amended complaint as its proper target. The original motion to dismiss will be denied as moot.

4.     ANALYSIS

Plaintiff brings three claims in this lawsuit. The first two are leveled against Patterson for cruel and unusual punishment and sex discrimination. (Docket #14 at 14–15). The third cause of action is directed at Bednarek and Cooper. *Id.* at 15–16. Plaintiff asserts that by "imposing sexually oppressive and adverse terms and conditions of confinement on [her], Defendants Bednarek and Cooper violated Plaintiff's right to humane conditions of confinement as guaranteed by the Eighth Amendment . . . and her right to privacy also guaranteed by the United States Constitution." *Id.* at 16.

Defendants first argue that they cannot bear liability for Bednarek's repulsive comments because his behavior was limited to simple verbal harassment. They are incorrect. The pleading standard for such claims is exceedingly low. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015). While "most verbal harassment by jail or prison guards does not rise to the level of cruel and unusual punishment," comments bearing on an inmate's sexuality which cause severe psychological harm can state a claim for relief.

*Id.* at 358–59 (a guard made statements suggesting Beal was homosexual in the presence of other inmates, causing Beal to be harassed for his presumed sexual orientation, making him fearful of assault, and compelling him to seek psychiatric help). This is precisely what Plaintiff alleges. Bednarek's harassment related to Plaintiff's sexuality, was intended to upset her, and did so. Defendants acknowledge that his behavior was "wholly inappropriate, obnoxious, and unprofessional," but it was more than this. (Docket #18 at 3). Bednarek taunted Plaintiff about being raped by a guard for no other reason than to be cruel to her. Such conduct is completely unacceptable and inexcusable, and it has no place in society generally or the prison environment in particular.

The Court appreciates that Bednarek's statements seem less severe than other cases addressing verbal harassment. In *DeWalt*, the Seventh Circuit held that guards did not violate the Eighth Amendment when they used racially derogatory and sexually suggestive comments when speaking to an inmate. *Dewalt v. Carter*, 224 F.3d 607, 610, 612 (7th Cir. 2000). Conversely, *Beal* proposed two hypotheticals where the Court of Appeals would find actionable harassment. In one, a guard lied to an inmate about having deadly and incurable brain cancer, and in the other, a guard falsely informed an inmate that his family had died in a car accident. *Beal*, 803 F.3d at 357. In both cases, though the conduct was purely verbal, it was also both cruel and (hopefully) unusual. *Id.*; *see also Hughes v. Farris*, 809 F.3d 330, 332, 334 (7th Cir. 2015) (inmate stated a claim for verbal harassment where a guard "berated [him] with an onslaught of homophobic epithets," while simultaneously encouraging other inmates to sexually assault him).

Defendants insist that Bednarek's comments were "void of the violent, threatening, or repeated nature" of the harassment in these cases,

and were "far too fleeting to give rise to a constitutional violation." (Docket #18 at 6). Defendants' contention is, however, an interpretation of fact which must be argued to a jury, not to the Court. While the above cited cases provide suitable guideposts for assessing verbal harassment, they are not factually analogous to Plaintiff's case. In light of the lenient standard of review, and in the absence of analogous precedent which would dictate dismissal of the claim, the Court finds that Plaintiff may proceed against Bednarek under the Eighth Amendment.

Defendants further contend that, assuming Bednarek's conduct is actionable, Cooper is not responsible simply because she was the warden at the time. It is true that supervisory prison officials cannot be held vicariously liable for the constitutional torts of their underlings. *Burks v. Raemisch*, 555 F.3d 592, 593–94 (7th Cir. 2009). Supervisors can, nevertheless, be held to account for their own misdeeds and for conduct in which they were personally involved. *Id.* at 596; *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003). Here, Plaintiff must allege that Cooper knew of the specific and serious risk of harassment posed by Bednarek, but yet chose to do nothing to stop it. *Higgin*, 346 F.3d at 792–93.

Plaintiff's allegations easily meet this standard. She states that there was a history of sexual abuse at Taycheedah and that Bednarek in particular was known to inappropriately harass inmates. Plaintiff further alleges that Cooper "knew of and disregarded an excessive risk to Plaintiff's health and safety posed by the sexual harassment of Defendant Bednarek." (Docket #14 at 13). While Defendants may take issue with this assertion as a matter of fact (Plaintiff pleads it "upon information and belief"), for the purposes of addressing their motion, the allegation is true. *Id.*; *Burks*, 555 F.3d at 594 ("Plaintiffs need not lard their complaints with facts; the federal system

uses notice pleading rather than fact pleading. . . . Knowledge and intent, in particular, need not be covered in detail."). Cooper is not entitled to dismissal at this stage.

5.     **CONCLUSION**

Plaintiff adequately pleads that Bednarek and Cooper violated her Eighth Amendment right to be free from cruel and unusual punishment. Defendants' arguments for dismissal of these claims are rooted in factual disputes which must be resolved by a jury. Defendants' motion to dismiss will, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Docket #14) is accepted for filing and will be Plaintiff's operative pleading henceforth;

**IT IS FURTHER ORDERED** that the initial motion to dismiss of Defendants Michael Bednarek and Sarah Cooper (Docket #8) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that the amended motion to dismiss of Defendants Michael Bednarek and Sarah Cooper (Docket #19) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of August, 2018.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge