# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

RACHEL KELTY,

        Plaintiff,

vs.

                                   Civil Action No. 18-cv-762

JOHN M. PATTERSON

        Defendants.

## DECLARATION OF MATTHEW S. PINIX IN SUPPORT OF
## AN AWARD FOR REASONABLE ATTORNEY'S FEES AND COSTS

I, Matthew S. Pinix, having been duly sworn, state as follows:

1.      I make this declaration in support of an award for reasonable attorney's fees and costs under 42 U.S.C. § 1988(b).

2.      I am one of the attorneys representing the plaintiff, Rachel Kelty, in the above-entitled action.

3.      I am the owner of and managing attorney at Pinix & Soukup, LLC ("the Firm").

4.      In addition to myself, there are two other attorneys who work at the Firm: Michael G. Soukup and Rebecca R. Lawnicki.

5.      The Firm also employs an administrative assistant, Rebecca L. Tadych.

6.      Filed along with this declaration as exhibits thereto are the following documents:

1

a.     The fee agreement by which Kelty retained the Firm to represent her in this matter. (Exhibit A.)

b.     Invoices prepared using the Firm's practice management software — MyCase.com — showing as separate line items the time spent on Kelty's case by the various attorneys in the Firm, the work performed for each line item, the affiliated hourly rates, and the total amount billed for each line item. (Exhibits B, C.)

i.     For each line item, the invoice identifies the attorney whose time is being billed by his or her initials under the column titled "EE." The initials of the Firm's attorneys are:

1. MSP: Matthew S. Pinix

2. MGS: Michael G. Soukup

3. RRL: Rebecca R. Lawnicki

ii.     The time entries bearing my initials on Exhibits B and C are accurate and reflect work that I performed on Kelty's case.

iii.     Additionally, I have personally spoken with the other attorneys in the Firm and each has confirmed to me that the time entries bearing their initials on Exhibits B and C are accurate and reflect work that they performed on Kelty's case.

c.     Invoices prepared using the firm's practice management software — MyCase.com — showing as separate line items the expenses incurred by the Firm in litigating Kelty's case and the Firm employee who entered each expense into the system. (Exhibits D-F.)

2

       i.     The expenses bearing my initials on Exhibits D, E, and F are accurate and reflect expenses the Firm incurred during litigation of Kelty's case

       ii.     On occasion, the Firm's administrative assistant inputs expenses to MyCase, which would be reflected by her initials (RT) occurring under the "EE" column on Exhibits D-F.

       iii.     I have personally spoken with the Firm's administrative assistant and she has confirmed to me that the expenses bearing her initials on Exhibits D, E, and F are accurate and reflect expenses the Firm incurred during litigation of Kelty's case.

7.     Part of the Firm's representation of Kelty in the instant case was related to litigating her claim against defendants that are presently no longer part of this action, namely Michael Bednarek and Sarah Cooper.

8.     Any time billed by the Firm's attorneys in the litigating the claims against Defendants Bednarek and Cooper alone is omitted from the invoice on the theory that it would not be reasonably recoverable against Patterson, who is in default.

     a.     The invoice thus omits all time entries in the matter between Patterson's being found in default (June 26, 2018) and the dismissal of Bednarek and Cooper from this action (February 1, 2019).

9.     Material redacted from any exhibit accompanying this affidavit pertains to matters protected by attorney-client privilege or the rules governing confidentiality, or alternatively is not relevant to Kelty's claim against Defendant Patterson. Upon request,

3

undersigned counsel will submit the redacted information to the Court for an *in camera* review.

10.     I have reviewed the time entries and costs in Exhibits A-F and all of the services performed and costs incurred were reasonable and necessary in order to prosecute Kelty's civil rights claim against Patterson.

11.     The fees and costs were not incurred for any improper purpose such as delay or harassment.

12.     The hourly rates indicated in Exhibits B and C are the customary hourly rates charged by the Firm's attorneys in civil rights matters at the time that Kelty signed her contract with the Firm.

13.     With respect to all expenses incurred for costs during the litigation of Kelty's case, the Firm has paid each provider in full.

14.     The total amount of attorneys fees incurred as a result of the prosecution of Kelty's civil rights claim against Patterson and requested for reimbursement is **$16,340.00**.

15.     The total amount of costs incurred as a result of the prosecution of Kelty's civil rights claim against Patterson and requested for reimbursement are **$1,009.73**.

16.     Plaintiff reserves the right to supplement this declaration to include an additional fees and expenses incurred after the date this declaration is submitted.

4

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of April, 2019.

By: /s/ Matthew S. Pinix
     Matthew S. Pinix