

---

### FEE AGREEMENT

---

I.     INTRODUCTION

    **RACHEL KELTY** ("the client"), by signing this agreement, retains PINIX & SOUKUP, LLC,[1] ("the attorneys"), to advise and represent the client in the client's case ("the case") against **JOHN PATTERSON, ANA BOATWRIGHT,** and any other persons who may be liable for the client's injuries and feasibly proceeded against ("the defendant") for **THE SEXUAL ASSAULTS COMMITTED AGAINST THE CLIENT BY JOHN PATTERSON WHILE THE CLIENT WAS IN TAYCHEEDAH CORRECTIONAL INSTITUTION**. By signing this agreement the client and the attorneys agree to the following terms:

II.     THE ATTORNEYS' DUTIES

    A.     **Scope of Representation.**

    The attorneys will advise and represent the client in the case. This obligation extends only through **the evaluation of the feasibility of litigation. After this point it shall not be necessary for the attorneys to perform any further services for the client without a new retainer agreement. If the attorneys do provide further services without a new retainer agreement, the terms of this agreement will continue in effect.**

III.     THE CLIENT'S DUTIES AND LIABILITIES

    A.     The client agrees to **provide all information and papers** requested by the attorneys and to **cooperate fully in any proceedings** related to the case, including but not limited to attending scheduled meetings and hearings, answering interrogatories, appearing for depositions, and participating in judicial or other proceedings as may arise from time to time in the case. The client also agrees **not to misrepresent or conceal** any facts when communicating with the attorneys.

---

[1] Pinix & Soukup, LLC, is organized as a limited liability company under the laws of Wisconsin. The firm is responsible for professional liabilities incurred by its attorneys. Each attorney also may be personally liable for any acts, errors, or omissions arising out of the performance of professional services. The firm maintains professional liability insurance as required by the Rules of Professional Conduct of the Wisconsin Supreme Court.

PINIX & SOUKUP, LLC
1200 EAST CAPITOL DRIVE, SUITE 360
MILWAUKEE, WISCONSIN 53211
T: 414.963.6164
F: 414.967.9169
E: INFO@PINIXSOUKUP.COM
WWW.PINIXSOUKUP.COM

_MSP_ Atty. initials
_RK_ Client initials

The client agrees **not to communicate** with the **court** or administrative tribunal, with **other parties** to the case, or with the **news media,** without the attorneys' consent.

The client agrees **not to communicate** anything on social media, such as Facebook and Twitter, relating in any way to the case. This prohibition includes the events giving rise to the case, the litigation of the case and the client's injuries and damages.

**B.** The client understands that if the defendant prevails in the case, the defendant may recover certain of its **costs of litigation** from the client.

**C.** If the defendant prevails and also demonstrates that the action was frivolous, unreasonable, groundless, or litigated in bad faith merely to harass or oppress the defendant, he or she may also recover his or her **attorneys' fees** from the client. The attorneys and the client hereby agree that in their best judgment the case is meritorious; it is not frivolous, unreasonable, groundless, nor is it the purpose of the client or the attorneys to vex, harass, or oppress the defendant.

## IV. TERMINATION OF REPRESENTATION

### A. The Attorneys' Right to Withdraw

The attorneys may withdraw from representing the client if:

1. The client violates any of the **duties in Section III (the previous section);**

2. The client indicates an intention to give **false testimony**, or is found to have misrepresented or concealed facts;

3. The client directs the attorneys to file any paper, or insists on advancing any claim or defense that the attorneys reasonably believe might subject them to **sanctions;**

4. The client fails to honor the **financial obligations** set forth in this agreement;

5. The attorneys are required or authorized **by law** to withdraw from the client's case.

6. The client fails **to follow the attorney's advice.**

7. The client fails to **make timely payment** or **does not provide other forms of security satisfactory** to the attorneys for payment of advanced costs, if requested from the client **(see Section V below).**

_MSP_ Atty. initials
_RK_ Client initials

If the attorneys withdraw they will give the client reasonable advance notice in writing of their intentions.

B. **The Client's Right to Discharge the Attorneys**

The client may discharge the attorneys, or direct the attorneys to discontinue the case, **at any time**. If the attorneys have appeared as counsel of record for the client in any court they will promptly move for an order in accordance with the client's decision to discharge them or discontinue the case.

C. **Payments Required Upon Termination**

If the attorneys withdraw or the client discharges the attorneys, and the client then resolves the case without retaining substitute counsel, the client is obligated to pay to the attorneys their unpaid litigation expenses described in § VI. A. below, and the full amount of their fees as set forth in § VI. B. 4 or 5, below. If the attorneys withdraw or the client discharges the attorneys, and the client then retains other counsel to handle the case the client will pay the attorneys a **pro rata share** of any attorneys' fees paid out of any recovery at the termination of the case (such that each lawyer will receive an equal percentage -- whether equal to, greater than, or lesser than one hundred per cent -- of the product of his or her actual hours and then-current regular hourly billing rate).

V. PAYMENTS REQUIRED BEFORE THE CASE IS FINISHED

A. **Advance against out-of-pocket litigation expenses**

1. The client will **advance** to the attorneys at the time this agreement is signed the sum of **$1,000.00** to assist in defraying the out-of-pocket **litigation expenses** described below.

2. The client agrees to **advance** such **additional monies for costs** that may be requested from time to time by the attorneys and are necessary to defray the **out-of-pocket litigation expenses** described below. The attorneys may make such requests either before or after the expenses which require such advances are actually incurred, and the client agrees to honor any such request within 21 days.

3. If there is no recovery in the case these **advanced costs** will be **refunded** to the extent that they have not been required in the case. If there is a recovery, this advance will be credited against the client's obligation to pay out-of-pocket expenses described below.

B.  **"Win or Lose" Advanced Fee**

      1.     The client agrees to pay the attorneys a fixed representation fee of **$2,500.00** for the attorneys' time spent performing services pursuant to this contract. All fixed fee payments may be deposited into the attorneys' business account, rather than the attorneys' trust account, and the client hereby specifically agrees that the attorneys may do so. The client agrees that the above-quoted fixed fee is based on the experience, skill, and time required to competently complete the above-detailed legal services. Commencement of representation does not occur until the above-stated fixed representation fee has been deposited into the attorneys' business account and this contract signed by both parties.

      2.     If no recovery is secured for the client, this payment will be the attorneys' *only fee for all their services.* If a recovery is secured, this payment will be credited dollar-for-dollar against any attorneys' fees due at that time under this agreement, and refunded to the client to the extent that the sum of this payment and any separate recovery of attorneys' fees from the defendant exceeds the attorneys' fees due under this agreement.

      3.     If the legal representation under this contract is terminated by either the client or the attorneys at any point prior to the attorneys' fulfilling the scope of representation set forth above, the attorneys agree to refund to the client that portion of the above-stated fixed fee remaining after accounting for the attorneys' work having previously been performed under this contract. Assessment of any refund owed to the client will be done in accordance with the attorneys' standard hourly billing practices for these sorts of cases: Atty. Pinix's time will be billed at $350.00/hour; and the other attorneys in the office will be billed at $295.00/hour, based upon one-tenth (1/10) of an hour intervals, rounding up to the nearest tenth of an hour.

C.    **Billing Upon Exhaustion of Advanced Costs**

      1.     Once any advanced costs held in the attorneys' client trust account are expended, the attorneys will bill the client in accordance with this agreement. The client agrees to be billed monthly for costs incurred on the above-referenced matter. Unless a balance remains in the client's trust account, full payment of the bill is due within thirty (30) days of the postmark date on the mailing of the billing. Any sum remaining unpaid after 30 days shall bear interest at the rate of 15% per annum, unless specific arrangements are made to the contrary in writing. Payments should be made payable and mailed to Pinix & Soukup, LLC, 1200 East Capitol Drive, Suite 360, Milwaukee, Wisconsin, 53211.

      2.     If the client has any objections to a billing statement, the client shall make the objections to the attorneys, in writing, within twenty (20) days of the date of the statement, or the attorneys may deem any objections waived. The attorneys agree to address, in writing, any written objections to billing statements within thirty (30) days after receipt of the objection. If the ensuing statement is adjusted to reflect the objection, that adjustment shall constitute a written response. Should both parties be unable to rectify a billing dispute, the client may refer

the dispute to the State Bar of Wisconsin's or the Milwaukee Bar Association's fee arbitration program. During the period of dispute, no interest on the outstanding balance shall be charged. If the client does not refer the dispute for such arbitration within sixty (60) days of the disputed statement, the attorneys will deem the dispute resolved. If the client has not disputed the billing statements, pursuant to the terms of this agreement, or if the dispute has been resolved, and the client fail to fulfill the client's duties under this agreement with regard to the payment of fees and costs, the client understand that the attorneys may take necessary action to collect the outstanding balance and may seek to recover the costs and fees associated with such collection.

## VI. PAYMENTS REQUIRED WHEN THE CASE IS FINISHED

### A. Litigation Costs or Expenses

1. The attorneys will have complete discretion to incur litigation and other out-of-pocket **costs or expenses** in the prosecution of the case. These expenses include (but are not limited to) such items as the fees paid to courts, court reporters, lay and expert witnesses, investigators and process servers; the attorneys' travel expenses, long distance telephone, facsimile transmission, and photocopying charges; courier or messenger service, and computer database access charges; and the cost of special exhibits and supplies purchased for the case.

2. If there is a recovery in the case, the client is responsible for such expenses out of the client's share of the recovery.

3. If there is no recovery, the client is only responsible for these expenses to the extent that advances against expenses have been paid or requested pursuant to part V.A. above.

### B. Attorneys' Fees

1. The client understands that, given the financial means, the client **could** retain the attorneys to represent the client by paying all litigation expenses as they are incurred and by compensating the attorneys on a monthly basis at the attorneys' **regular hourly rates**. The client expressly declines to do so, lacking the financial means, and chooses the terms of this agreement instead. Under no circumstances shall the client's obligations to the attorney at the end of the case exceed the total monies recovered from the defendant.

2. Any settlement offer of a fixed sum which includes a **division proposed by the offering defendant** between damages and attorneys' fees shall be treated by the client and the attorneys as the offer of a single sum of money, and the division of the offer by the offeror into damages and attorneys' fees shall be **completely disregarded** by the client and the attorneys. If such an offer is accepted, it shall be treated as the recovery of a single sum of money to be apportioned between the client and the attorneys according to this section.

3      The client recognizes that a separate recovery of fees and costs may be significantly larger than the initial recovery of damages for the client, and that after a certain point in time the accrued attorneys fees and costs may be a larger component of the settlement value of the case than the client's prospective damages award.

4      If the case results in the recovery of a **single sum of money,** without a separate award of attorneys fees, the attorneys fees will be **either a)** forty percent (40%) of the recovery, **or b)** the attorneys' fees computed at their regular hourly rates, using those rates current at the time the payment is made, plus a contingency compensation factor of 20% of the balance of the recovery after the attorneys hourly fees and litigation costs are paid, **whichever is greater as between a and b**. In computing the final amount due and owing from the client, if any payments have been previously advanced by the client against attorneys' fees, the client shall receive dollar-for-dollar credit for such payments.

5.     If the case results in the recovery of a **damages award for the client** and a **separate award of attorneys fees and costs**, the attorneys' fees will be **either a)** forty percent (40%) of the damages award, or **b)** the attorneys' fees computed at their regular hourly rates for similar cases, using those rates current at the time the payment is made, plus a contingency compensation factor of 20% of the damages award, **whichever is greater between a and b**. In computing the final amount due and owing from the client, the client shall receive dollar-for-dollar credit for the separate award of attorneys' fees, and if any payments have been previously advanced by the client against attorneys' fees, the client shall receive dollar-for-dollar credit for such payments.

6.     In the event that the attorneys recover for the client a sum of money, the attorneys' fees for their services shall be **paid immediately** out of this sum, even if a separate recovery of attorneys' fees is contemplated. If, after recovery of damages, the attorneys secure a separate recovery of attorneys' fees and costs, this separate recovery shall be **refunded to the client** to the extent that the sum of this separate recovery and any attorneys' fees and expenses previously paid exceeds the attorneys' fees and expenses as defined above.

7.     If **more than one law firm** has represented the client, the total attorneys' fees will be divided so that each firm will receive, for each attorney who has worked on the case, a **pro rata share** of all attorneys' fees paid out at the termination of the case (such that each lawyer will be allocated an equal percentage, whether greater or lesser than one hundred per cent, of the product of his or her actual hours and then-current regular hourly billing rate).

## VII. DIRECT PAYMENT AND LIEN

1.     The client expressly authorizes the attorneys' share of any recovery to be **paid directly to the attorneys** by the defendant.

_MSP_ Atty. initials
_RK_ Client initials

2. The client hereby gives the attorneys a **continuing lien** on the client's claim and the proceeds thereof for the amount of the attorneys' fees and out-of-pocket expenses for which the client is obligated under this agreement pursuant to Section 757.36 of the Wisconsin Statutes.

## VIII. CONFIDENTIALITY

The client understands that the **attorneys may consult** with other attorneys, experts in other fields, investigators and others concerning the case. The client authorizes the attorneys to consult with such persons and to divulge to them such privileged information as is necessary to enable them to assist the attorneys in connection with the case.

## IX. SETTLEMENT OF THE CASE

The client, by law, has **the right to make all decisions** regarding the settlement of the case and the attorneys will not settle the case on the client's behalf without the client's prior authorization. If the client settles the case, even after the termination of representation, the client will inform the attorneys at the earliest possible moment.

The client and the attorneys are agreed at the outset that should it become possible to settle the case on reasonable terms, this course should be taken. They also agree that the reasonable settlement value of the case depends on the probability of winning and on the amount of damages that will likely be awarded. The client understands that perfect justice cannot be achieved in any legal system, that even cases that appear strong can often be lost, and that sheer chance and the prejudices of judges and jurors affect the outcomes of trials. The attorneys' agreement to represent the client is premised on the client's forswearing, in advance, any value in rejecting a reasonable prospective settlement in order to have a "day in court."

## X. POWER OF ATTORNEY

The attorneys shall have the power and authority to sign or endorse any and all pleadings, claims, settlement, drafts, checks, compromises, releases, dismissals, depositions, orders and other papers which the client could properly execute or endorse, and to receive on the client's behalf any funds or other things of value to which the client may be entitled because of any judgment covered or any settlement agreed upon in connection with the claims covered by this Agreement.

## XI. NOT TAX ADVISORS

Monetary compensation in cases subject to this agreement will usually represent taxable income upon which the client will be required to pay state and federal income taxes either at the time of the initial payment or when the client's taxes become due after the client's receipt of the payment.

_MSP_ Atty. initials
_RK_ Client initials

The client acknowledges that the attorneys do not possess expertise in tax law and that with regard to the tax treatment of any recovery the client is not relying and will not rely on any tax advice provided by the attorneys. The client is advised that to the extent tax advice is required by the client it should be provided by a tax professional retained and approved by the client and that the client is responsible for any taxes due and owing on any recovery obtained by the attorneys under the applicable state and federal tax codes.

## XII. ACCOUNTING AND RESOLUTION OF FEE DISPUTES.

At the conclusion of the attorneys' representation of the client, the attorneys will provide the client with a written accounting of all fees and costs incurred in the case, showing the manner in which they have been computed (which may be called a "closing sheet"), and a refund of any advanced fees that have not been earned and any advanced costs that have not been expended. If the client disputes the attorneys' fee computation or expense itemization, or the attorneys' right to charge the fees and expenses so computed and itemized, the client must provide the attorneys with written notice of the dispute within 30 days from the date of the final accounting. If the attorneys and the client cannot resolve any dispute about which such notice is given within 30 days of the date of the notice, the attorneys agree, if the client so desires, to submit the dispute to binding fee arbitration through the State Bar of Wisconsin Fee Arbitration Program.[2] The client is not required by this agreement to participate in fee arbitration and may pursue a dispute of the attorneys' fees in other appropriate forums. Further, if the attorneys fail to refund unearned fees, abide by a fee arbitration award, or abide by a final decision of a court with respect to unearned fees, the client may file a claim with the Wisconsin Lawyers Fund for the Client Protection[3] to recover such amount.

## XIII. CONCLUSION

By **signing this agreement**, the client and the attorneys signify that they have read and understand its terms, and that they agree to be bound by it. The above-detailed employment is hereby accepted on the terms stated. The attorneys agree to enter **no final disposition** of the case **without the client's consent**.

Dated this __3rd__ day of __January__, 20__18__.

_____     PINIX & SOUKUP, LLC
Rachel Kelty                            By: _____
                                                              Matthew S. Pinix

---

[2] The State Bar's Fee Arbitration Program may be contacted c/o State Bar of Wisconsin, P.O. Box 7158, Madison, WI 53707-7158, or by phone at (800) 728-7788.
[3] The Wisconsin Lawyers Fund for Client Protection may be contacted c/o State Bar of Wisconsin, P.O. Box 7158, Madison, WI 53707-7158, or by phone at (800) 728-7788.

MSP Atty. initials
RK Client initials